**METHODIST HOME AND HOTEL CORP. et al.**

v.

**UNITED STATES of America, Secretary of Health, Education and Welfare, and Internal Revenue Service.**

**Civ. A. No. 65–C–125.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Oct. 30, 1968.

Perkins, Floyd, Davis & Oden (L. H. Warburton, Jr.), Alice, Tex., for plaintiffs.

Morton L. Susman, U. S. Atty., and Frank C. Cooksey, Asst. U. S. Atty., Houston, Tex., and John O. Jones, Atty., Tax Division, Dept. of Justice, Fort Worth, Tex., for defendants.

## MEMORANDUM AND JUDGMENT

GARZA, District Judge.

The Methodist Home and Hotel Corp. was a charitable institution, founded as a rest home by the Methodist Church in Alice, Texas. It was such an institution from October 1, 1959, until its dissolution on April 29, 1963.

At its very inception it obtained a number from the Internal Revenue Service under which it could report Withholding taxes and Federal Insurance Contribution Act taxes (commonly known as Social Security Taxes) collected by it from its employees.

Since it was a charitable institution, it was exempt from the payment of F.I.C.A. taxes, and according to Government regulations it had to file a so-called Form SS–15, waiving its exemption, and also Form SS–15A of the Internal Revenue Service by which the employees of said exempt organization agreed to have Social Security taxes withheld from them.

The Social Security Administration determined on August 28, 1964, that Plaintiff's employees were not covered by the Social Security Act for the period from October 1, 1959, to March 31, 1961, because no waiver of exemption had been filed by the Plaintiff corporation pursuant to 26 U.S.C. § 3121(k) (I.R.C., 1954), until sometime after March 31, 1961. It has now been determined that such a waiver was filed in 1962, made effective April 1, 1961.

The suit in this Court was filed on December 28, 1965, as a suit for refund of Federal Insurance Contribution Act (F.I.C.A.) taxes for the period from October 1, 1959, through March 31, 1961, in the amount of $2,620.06.

The United States of America, the original defendant, filed its motion for partial summary judgment, and the Plaintiff, in turn, moved for summary judgment in its favor. By Memorandum of this Court entered August 17, 1966, both motions for summary judgment were denied.

From the very outset of the hearings in this cause, it became evident that the Plaintiff was not actually seeking a refund, but its main concern was that its employees be credited with the Social Security taxes which had been paid by it, half of which amount came from the employees and the other half from the Methodist Home and Hotel Corp. However, the Plaintiff insisted that if the employees were not covered, the F.I.C.A. taxes paid be refunded.

In this suit the Government has filed three motions for partial summary judgment, claiming that because of the timing of the claim for refund, which was filed November 19, 1964, the claims for refund for the last quarter of 1959 and the four quarters of 1960 were not timely filed. The Government further

claimed that the claim for refund for the first quarter of 1961 was timely filed, but that the Plaintiff is entitled to recover on that claim only the amount of taxes it paid, since they had no right to a refund on taxes that the Home had collected from its employees.

In this connection, Methodist Home and Hotel Corp. secured consents, pursuant to an Order of this Court, of some twenty-seven (27) employees, asking that they collect for them the F.I.C.A. taxes contributed by said employees in this suit. Not all of the employees, however, who are now scattered to the four winds and whose addresses are unknown to the Plaintiff, have been able to be contacted regarding this matter, an important fact which weighs heavily on the ruling of the Court set out below.

The Plaintiff in this cause is being represented by an attorney who was the President and a member of the Board of Directors of the Home, and who is acting as Trustee of the now defunct corporation, and without any hope of remuneration for his services.

Insisting that the main concern of the Plaintiff was to have the Social Security accounts of their employees credited with the taxes paid, the Plaintiff was granted leave to amend and to make the Secretary of Health, Education and Welfare a party to this suit.

The Secretary of Health, Education and Welfare has urged on this Court its lack of jurisdiction to entertain this suit, which contention has been overruled.

The contentions of the United States filed in behalf of the Internal Revenue Service on the claims for refund are probably good and barred by 26 U.S.C. § 6511, since no claim for refund was filed until November, 1964, more than three years from the time the return was filed and two years from the time the tax was paid, but the disposition made of this cause of action makes the question of refund moot.

There is no question but that the Methodist Home and Hotel Corp. intended at all times to have its employees covered by the Social Security Act; and if Forms SS–15 and SS–15A had been filed, there would be no question of their coverage.

A second Memorandum and Order was entered by this Court on May 8, 1967, when leave was granted the Plaintiff to amend its complaint and make the Secretary of Health, Education and Welfare a joint defendant with the United States and the Internal Revenue Service. At that time it was made known by the Plaintiff that it was contending that in June of 1961 there was an exemption signed which would have been effective for one year prior thereto. The Court felt at that time that there was a question of fact as to whether or not a waiver was filed in June, 1961, and a hearing on this cause was held on October 23, 1968.

From all of the evidence before the Court, it is concluded that the Methodist Home and Hotel Corp., during its entire existence, intended to waive its exemption from collection and payment of Social Security taxes, and that the Board of the corporation understood that the exemption had been filed at the time of the corporation's organization in September, 1959; that the question of the waiver was raised in June, 1961, by a representative of the Social Security Administration; and that the Board of Directors of the Methodist Home and Hotel Corp., by explicit minutes, instructed its then manager, Billy G. Williams, to sign the certificate and to circulate waivers among the employees.

Mr. Williams has testified in this cause and says that he filled out SS–15 and circulated SS–15A among the employees for their signatures, and that he mailed these forms to a Social Security Administration office in Baltimore, Maryland. He had, however, in connection with the Social Security claim of one of the Home's employees, one Monroe Field, filed an affidavit in April, 1963, that he had given these forms to a representative of the Social Security Administration.

From the evidence before me, I must conclude that Billy G. Williams probably executed Form SS–15, and in all probability secured Form SS–15A from the employees, but that he never did file them with the appropriate Government official.

There is no question, however, that when this problem was again brought to the attention of the Methodist Home and Hotel Corp., its then manager, a Mr. Hayes, in June, 1962, filed Forms SS–15 and SS–15A.

The Government contends that each employee must seek, administratively, credit for the taxes that were sent in by the Methodist Home and Hotel Corp. in his behalf; and it seems certain that one or more of the employees who sought this administrative ruling have prevailed.

They would have this Court dismiss this action and allow each employee to shift on his own.

This Court does not pretend to be any expert on Social Security matters, but it can perceive of many pitfalls if this matter is to be left in limbo. An employee of Methodist Home and Hotel Corp. who files a claim for Social Security might never realize that the taxes that were paid in his behalf by the Methodist Home and Hotel Corp. are not being credited to his account. The failure to so credit might deprive a claimant under the Social Security Act of the necessary amount of quarters needed, or the amount of Social Security benefits that he is entitled to.

So we have here a situation where there is no question that taxes were paid to the Government for a specific purpose, part of the taxes being paid by employees whose whereabouts in some cases are unknown. The Government has the money but does not want to refund it. Yet there is no way of knowing if the Social Security taxes paid in behalf of an employee and in part by the employee himself, will ever be credited to his Social Security account.

Courts on many occasions have entered judgments and orders nunc pro tunc to correct injustices. Why cannot the SS–15 and SS–15A forms filed by the Methodist Home and Hotel Corp. in June, 1962, under the circumstances and facts of this case, be retroactively applied to the first quarter when F.I.C.A. taxes were collected and paid by it?

There is no showing that such an application of the forms finally filed will deprive the United States of any of its revenues, but the failure to so apply will deprive employees of the Plaintiff of benefits they are clearly entitled to.

The apparent purpose of the filing of Forms SS–15 and SS–15A is for an exempt institution and its employees to signify their willingness to waive their exemption. If these forms are filed there is apparently nothing that the Internal Revenue Service or Social Security Administration can do but accept the payments of F.I.C.A. taxes. What better way to show an intent to waive their exemption than for the employer and employee to pay the taxes? We cannot allow the failure to file an apparent perfunctory government form to deprive citizens of benefits under the law when the facts are such that the intent to accomplish what the form would provide is clearly evident, as in this case.

If this Court is to do equity under the facts of this case, it must order that the Secretary of Health, Education and Welfare and the Social Security Administration credit the accounts of the employees in whose behalf F.I.C.A. taxes were paid by the Plaintiff.

It is, therefore, ordered, adjudged and decreed that all Federal Insurance Contribution Act taxes paid by the Methodist Home and Hotel Corp. be credited to the accounts of the employees in whose behalf the taxes were paid, without need of said employees petitioning administratively for such relief.

The Clerk will send copies of this Memorandum and Judgment to counsel for the parties.