**TRAVELERS INDEMNITY COMPANY OF ILLINOIS,**
**Plaintiff,**

v.

**ROYAL OAK ENTERPRISES, INC., a foreign corporation, Defendant.**

**No. 5:02–CV–58–OC–10GRJ.**

United States District Court, M.D. Florida, Ocala Division.

March 17, 2005.

Andrew Edward Grigsby, Sina Bahadoran, Hinshaw & Culbertson, Miami, FL, for Plaintiff.

Daniel James King, Barry Goheen, King & Spalding, Atlanta, GA, Jona J. Miller, King & Spalding, Sarasota, FL, William Harper Phelan, Jr., Bond, Arnett, Phelan, Smith & Craggs, P.A., Ocala, FL, for Defendants.

## ORDER

HODGES, District Judge.

This case is before the Court on three motions: (1) Defendant Royal Oak Enterprises, Inc.'s motion for attorneys' fees and costs (Doc. 236), to which Plaintiff Travelers Indemnity Company of Illinois has responded (Doc. 241); (2) Defendant Royal Oak's motion for partial abatement of its motion for attorneys' fees and costs (Doc. 245), to which Plaintiff Travelers has responded (Doc. 248); and (3) the parties' joint motion to withhold submission of a case management schedule (Doc. 247).

Pursuant to a stipulation by the parties (Doc. 233), judgment was entered in favor of Royal Oak on its claim for coverage under a liability insurance policy issued by Travelers (Doc. 235).[1] Royal Oak then timely filed its motion (Doc. 236) for an award of attorneys' fees pursuant to § 627.428, Florida Statutes, and costs pursuant to 28 U.S.C. § 1920. In its response to this motion (Doc. 241), Travelers argues that Royal Oak is not entitled to recover attorneys' fees because § 627.428, Fla. Stat., is inapplicable. The Court agrees.

Section 627.428(1) provides in pertinent part:

Upon the rendition of a judgment or decree by any of the courts in this state against an insurer and in favor of any ... insured ... under a policy or contract executed by the insurer, the trial court ... shall adjudge or decree against the insurer and in favor of the insured ... a reasonable sum as fees or compensation for the insured's ... attorney prosecuting the suit in which the recovery is had.

Section 627.401(2) states that the provisions of Part II of chapter 627, which includes § 627.428(1), do not apply to "[p]olicies or contracts not issued for delivery in this state nor delivered in this state...." Royal Oak does not dispute that the policy sued under was delivered by Travelers to Royal Oak's insurance broker in Atlanta, Georgia, who then delivered the policy to Royal Oak's headquarters in Atlanta, where it was executed.[2] It is clear then that the policy was delivered in Georgia, not Florida. Consequently, Royal Oak would be entitled to attorneys' fees under § 627.428(1) only if the policy was "issued for delivery in this state."

It is well established that statutes authorizing an award of attorney's fees are in derogation of the common law and, therefore, must be strictly construed.[3] The Court finds persuasive Judge Atkins' strict construction of the phrase "issued for delivery" in an earlier version of the statute:

This language contemplates a policy issued in another state which was intended for delivery in Florida. Such delivery may not be accomplished for various reasons. A typical situation is the retention of a policy by an agency for an insured. The essential fact remains, however, that delivery of such policy in Florida must be intended.[4]

There is no indication that the parties intended delivery of the policy in Flor-

---

1. Royal Oak has appealed the Court's disposition of its counterclaims for recovery of the costs and fees of counsel independently retained in the underlying litigation.

2. Doc. 241, exh. A, B, & C.

3. See e.g., Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505 (Fla.1982).

4. Celanese Coatings Co. v. Am. Motorists Ins. Co., 297 F.Supp. 598, 600 (S.D.Fla.1969); Prime Ins. Syndicate, Inc. v. B.J. Handley

ida. The fact that the policy expressly covered Royal Oak's facilities in Florida (and elsewhere) does not trigger entitlement to fees under the statute. Section 627.428(1) does not rely on coverage as a qualification.[5] "Delivery or intended delivery is the key which opens the door to the recovery of attorneys' fees under Section 627.[428]."[6] Thus the relevant inquiry is whether the parties intended the policy to be delivered in Florida and not whether they intended the policy to cover a risk in Florida.[7] This is the plain import of the statute. Since there is no evidence that the policy was actually delivered in Florida or issued for delivery in Florida, Royal Oak is not entitled to an award of attorneys' fees.

Royal Oak also requests an award of taxable costs pursuant to 28 U.S.C. § 1920 in the amount of $18,651.84.[8] Travelers has not challenged Royal Oak's entitlement to an award of costs nor taken issue with the amount of the request, and the time for doing so has passed. Accordingly, the Royal Oak's motion to tax costs is due to be granted.

### Conclusion

Accordingly, upon due consideration, it is adjudged that:

(1) Defendant Royal Oak Enterprises, Inc.'s motion for attorney fees and costs (Doc. 236) is GRANTED with respect costs and DENIED with respect to fees;

(2) Defendant Royal Oak's motion for partial abatement of its motion for attorney fees and costs (Doc. 245) and the parties' joint motion to withhold submission of a case management schedule (Doc. 247) are DENIED as moot; and

(3) the Clerk is directed to enter judgment taxing costs in the amount of $18,651.84 in favor of Royal Oak and against Travelers.

IT IS SO ORDERED.

---

*Trucking, Inc.,* 363 F.3d 1089, 1091 n. 2 (11th Cir.2004) (citing *Celanese Coatings*). Judge Atkins referred to the "issued for delivery" language in the statute as contemplating a "type of constructive delivery." *Celanese Coatings Co.,* 297 F.Supp. at 600.

**5.** *Id.*

**6.** *Id.*

**7.** In *Aperm of Fla. v. Trans–Coastal Maint. Co.,* 505 So.2d 459, 461–62 (Fla. 4th DCA 1987), Florida's Fourth District Court of Appeal affirmed the trial court's award of attorney's fees under the statute because the insurer failed to show that the "principal risk" covered by the insurance contract was outside Florida. This Court does not agree with the Fourth DCA's holding in so far as it is predicated on a conclusion that the situs of the principal risk determines whether the policy was "issued for delivery in this state." Such a holding is not supported by strict construction of the language of the statute.

**8.** Doc. 236, exh. D & E.