69 So.2d 185 (1953)
FLEMING
v.
ALTER et al.
Supreme Court of Florida, Division B.
July 24, 1953.
Rehearing Denied January 9, 1954.
Nichols, Gaither, Green, Frates & Beckham, Miami, for appellant.
Knight, Smith & Underwood, Miami, for appellees.
THOMAS, Justice.
In an action by the appellant against Teri Hoffman Wellener, Isadore Frankel and the appellees the appellant was awarded a verdict for a substantial sum. Afterward the appellees presented a motion for new trial and for the entry of a judgment in favor of the appellees, notwithstanding *186 the verdict. The judge entered an order granting the latter motion stating that he did so because (1) Teri Hoffman Wellener had been shown by undisputed evidence not to have operated the automobile, by which appellant was injured, with the knowledge and consent of appellees; (2) the appellees had been shown by undisputed evidence not to have entrusted the motorcar to Teri Hoffman Wellener; and (3) the evidence was "legally insufficient" to authorize the jury to find the appellees liable for negligent operation of the car.
To simplify this opinion it should be remarked that we are not concerned directly with any responsibility on the part of Wellener or Frankel or with the collision itself except as it may throw light upon the relationship between the appellees on the one hand and Wellener on the other.
Teri Hoffman Wellener registered at the Cadillac Hotel 17 May 1950 as "Mrs. I. Frankel" and was given room 702. I. Frankel registered at the same hotel three days later and was assigned to the same room. Frankel lived with his wife in Philadelphia; Teri Hoffman Wellener lived in the same city where she was engaged as a concessionaire at a bar known as "Benny the Bums!"
About the time Frankel arrived in Miami he rented a car from the appellees. Shortly after he was called back to Philadelphia so he and Teri Hoffman Wellener proceeded to the airport in the car. After he had enplaned the woman returned to the city for a round of drinking places that lasted all night. In the process she picked up a bartender and they were driving on a city street in the car about eight the following morning, with the woman at the wheel, when appellant was run down and seriously injured.
At the close of the testimony those defendants who are appellees moved for a directed verdict and the judge reserved his ruling, later entering the order we have already described. Common Law Rule 40, 30 F.S.A.
From our study of the record we are convinced that there was abundant reason to enter a judgment in accordance with the verdict.
We review the salient circumstances forming the background for an occurrence of which the appellant was a victim, over which she had no control, of which she was totally ignorant.
To all appearances a man and wife are residing at a hotel. The man orders a car from a partnership engaged in the business of renting cars. There is no conversation about the use of the car by one other than the man and the contract between the parties is utterly silent on the subject. So much of the contract as appears in the record simply provides, with respect to restrictions on the use of the vehicle, that the renter would not use it in the transportation of others for hire or in the violation of law, and that he would not remove it from the state without consent of the owner.
Evidently some one representing the hotel calls the South Florida U-Drive and orders a car. It is sent to the hotel by an employee who receives the contract signed by Frankel. The renter does not require the signatures of any one else and that subject is not mentioned.
We think that when a car is rented to a man under what we will call the "U-drive-it plan" in response to a request from a hotel in behalf of one of its guests and the vehicle is delivered in exchange for a contract completely lacking in any restrictions about its operation by persons other than the signatory an implied consent arises that it will be driven by the members of the bailee's family who would normally operate the vehicle were it the man's own. To hold that liability would be limited to damage caused by the bailee alone where a dangerous instrumentality is put in circulation in such fashion would be entirely beyond our conception of the responsibility one should assume where he is in the business of entrusting vehicles of such character to another for a price. This implication is underscored *187 by the nonexistence of any clause in the contract specifying that the motorcar should be operated only by the renter. Doubtless an arrangement without such a condition would be more attractive to a customer, but one in appellees' business should not be allowed to profit by such a loosely drawn contract and then escape liability to one who is injured by the ostensible spouse of the person to whom the car is entrusted. We think recovery may be firmly based on the implied consent.
The judgment is reversed with directions to enter one conforming to the verdict.
Reversed.
ROBERTS, C.J., HOBSON and DREW, JJ., concur.