69 So.2d 887 (1954)
FRANKEL
v.
FLEMING.
Supreme Court of Florida. Special Division B.
January 8, 1954.
Rehearing Denied February 19, 1954.
Morehead, Forrest, Gotthardt & Orr, Miami, for appellant.
Nichols, Gaither, Green, Frates & Beckham, Miami, for appellee.
THOMAS, Justice.
The nature of the questions posed by the appellant makes it unnecessary to elaborate on the facts stated in our opinion filed 24 *888 July 1953 in the case of Fleming v. Alter, Fla., 69 So.2d 185. The present appellee was awarded a verdict against co-partners who had rented a motorcar to Isadore Frankel, against Frankel, and against Teri Hoffman Wellener, who had been living with Frankel as his wife at a Miami Beach hotel and who was driving the car when the appellee was run down and severely injured. In the other case the court entered a judgment in favor of the defendant notwithstanding the verdict for the plaintiff and we reversed the judgment. Now we are dealing with an appeal from the judgment meanwhile entered against Frankel.
Only one of the questions posed by appellant seems to deserve an answer: "Is the doctrine of dangerous instrumentality limited in scope to the owner thereof rather than to include a bailee [Frankel] for hire who in turn delivers possession to another person [Wellener]?"
We think the answer to the question may be found in Wilson v. Burke, Fla., 53 So.2d 319, where we held that an ostensible lessee, a corporation, was responsible for damage caused by the truck it was operating. Proof of actual ownership of the vehicle causing injury is not indispensable to recovery, for the misfortune of the injured person should not depend entirely on the repository of the legal title; nor is recovery dependent upon perfection of title in a given person, Rutherford v. Allen Parker Co., Fla., 67 So.2d 763, construing Section 319.22(2), Florida Statutes 1951, and F.S.A.
Having held a lessee liable in the cited case, Wilson v. Burke, supra, we find no difficulty in now holding the appellant, a bailee, responsible in the instant case for injury caused by the one to whom he entrusted the car, especially where, to all intents and purposes, as will be seen by referring to the opinion in Fleming v. Alter, supra, that person was the bailee's spouse.
We do not feel obliged to answer appellant's other two questions because from our examination of the record the premises for them seem to be versions of the testimony which the jury did not accept.
The judgment is
Affirmed.
ROBERTS, C.J., DREW, J., and PATTERSON, Associate Justice, concur.