101 So.2d 163 (1958)
RE-MARK CHEMICAL CO., Inc., a Florida corporation, Appellant,
v.
Fad ROSS, Appellee.
No. 57-98.
District Court of Appeal of Florida. Third District.
March 4, 1958.
Rehearing Denied April 3, 1958.
*164 French & Skolnick, Miami, for appellant.
Mayerson, Greenberg & Cohen, Miami Beach, for appellee.
CARROLL, CHAS., Chief Judge.
This is an appeal by one of two defendants against whom a judgment was rendered in the Circuit Court of Dade County. The action was brought to recover damages for personal injuries, which the plaintiff sustained in a collision between a bus on which he was a passenger and an automobile driven by one of the defendants.
At the trial the defendant Harriet Ginsberg, who was driving the automobile, conceded liability. The evidence indicated she was driving 25 to 30 miles per hour on a wet curving road when she approached the intersection where she was confronted with a red light; that she was unable to stop, and skidded or slid her car into the intersection, against the red light, where she collided with the bus which had entered the intersection with a favorable green light.
The case went to the jury on the question of damages as to the defendant Harriet Ginsberg, and on liability, as well as on damages, as to the defendant Re-Mark Chemical Co., Inc.
The plaintiff was awarded a verdict for $19,990 against both defendants, and the court entered judgment thereon.
The defendant Re-Mark filed a motion for new trial listing forty-seven grounds. The motion for new trial was denied, and *165 Re-Mark appealed, assigning fifty-four errors. The main points raised on the appeal are whether the facts warranted a finding of liability against Re-Mark as having the automobile under its control and permitting its use by its employee Ginsberg, and the contention that the verdict was improperly influenced and excessive.
Ginsberg was employed by Re-Mark in a secretarial capacity. The evening before the accident she had been instructed by the president of Re-Mark to take the automobile in question and drive it home (in order to post the company mail at a downtown post office on the way), and to bring the automobile back in the morning. It was on her return trip the next morning that the accident occurred.
The material evidence relating to the status of the automobile was not in dispute. It had been used as a company car by another employee, who prior to the time of the accident had turned it in to Re-Mark for other use or disposition. The upkeep and operating expenses of the car had been paid by Re-Mark. At the time the car was turned over to Ginsberg for the trip home the evening before the accident it was in the possession of Re-Mark and subject to Re-Mark's dominion and control, and the use made of it on that occasion was for Re-Mark's business.
One who has possession, and the dominion and control of an automobile, even though not the record owner thereof, will be liable for injury caused by the negligence of another person using the automobile with the knowledge and consent of the person having such dominion and control over the vehicle. Wilson v. Burke, Fla. 1951, 53 So.2d 319; Mercury Cab Owners' Association v. Jones, Fla. 1955, 79 So.2d 782. See also Frankel v. Fleming, Fla. 1954, 69 So.2d 887.
The evidence brought the status of the automobile within the allegations of the complaint as amended. The matter was submitted to the jury on charges properly tailored to the facts in this regard, and the record abundantly supports the verdict which imposed liability on Re-Mark as well as on the driver Ginsberg.
Under an appropriate assignment of error appellant made the contention that the verdict was excessive, and that the jury was swayed by passion and prejudice in favor of the plaintiff. In support of the latter, appellant urged that the jury was improperly influenced by the admission of certain photographs taken during the operation on the plaintiff. From our examination of these photographs, they appear conservative and not such as would create passion or prejudice.
The amount of the verdict is not shown to be excessive when the circumstances are considered. The plaintiff was a laborer, with an earning capacity of $60 a week. There was a question as to another accident, but the determination of the proximate cause of the injury and incapacity for which he sued was made by the jury in plaintiff's favor. Plaintiff suffered some loss of employment; he was hospitalized on more than one occasion and had substantial doctors' expense; he was diagnosed as having received a ruptured intervertebral disk, and he underwent an operation for removal of the injured disk. He experienced the pain and suffering which necessarily accompanies such an injury. He was assigned a degree of permanent disability, and he sustained some loss in earning capacity.
The determination of the amount of such damages is peculiarly within the province of the jury. Higbee v. Dorigo, Fla. 1953, 66 So.2d 684; Merwin v. Kellems, Fla. 1955, 78 So.2d 865; Sproule v. Nelson, Fla. 1955, 81 So.2d 478, 481. As pointed out in Sproule v. Nelson, supra, the Supreme Court of Florida said:
"There is an element of speculation in most personal injury verdicts, but this is a matter for jury discretion. *166 The court may review their discretion but not the amount awarded unless shown to be clearly arbitrary. * *."
We have examined the briefs and appendices, in the light of the other assignments of error, and conclude that those assignments of error are without merit.
Affirmed.
HORTON and PEARSON, JJ., concur.