119 So.2d 413 (1960)
J.W. MARTIN and Josephine McCullough Martin, Appellants,
v.
LLOYD MOTOR COMPANY, a Florida Corporation, Appellee.
No. B-327.
District Court of Appeal of Florida. First District.
April 7, 1960.
Curtis A. Golden, Milton, for appellants.
Isler, Welch & Jones, Panama City, for appellee.
WIGGINTON, Chief Judge.
This appeal is from a final judgment dismissing with prejudice an amended complaint for its failure to state a cause of action as against defendant Lloyd Motor Company. The principal point on appeal questions the correctness of the trial court's ruling that the complaint failed to allege sufficient facts to show that Lloyd Motor Company was jointly liable for the damages claimed.
The complaint is one at law seeking damages for the death of plaintiffs' decedent. The allegations of fact set forth in the *414 complaint may be summarized as follows. Before the critical date in question one Charles A. Jones, who is joined as a party defendant in the cause, was the owner of a Chevrolet automobile. Jones delivered possession of this vehicle to defendant Lloyd Motor Company with the mutual understanding and agreement that Lloyd would sell the vehicle for the account of Jones. It was further mutually understood and agreed between the parties that Lloyd had the authority to allow prospective purchasers to drive the automobile for the purpose of determining whether they desired to purchase it. In pursuance of its undertaking Lloyd accepted possession of the vehicle and in the course of discharging its agreed obligation delivered possession of it to one Bennie James Coker, who was given permission by Lloyd to drive the automobile for the purpose of determining whether he desired to purchase it. Coker drove the automobile away from Lloyd's place of business for the ostensible purpose above stated. While the vehicle was in Coker's possession, he operated it upon the public highways of the state in a negligent and reckless manner. As a proximate result of the negligent operation of the vehicle by Coker, plaintiffs' decedent suffered serious bodily injuries which caused his death.
In his order granting defendant's motion to dismiss the amended complaint the trial court concluded that in order for the complaint to state a cause of action against Lloyd, it would be necessary for plaintiff to allege that the automobile involved was placed with Lloyd for the mutual benefit of both Lloyd and the owner, or that the automobile was placed with Lloyd for profit, or that the negligence alleged on the part of Lloyd was through either bad faith or gross negligence. Because of the failure of the complaint to contain allegations of fact found necessary by the trial judge, the amended complaint was dismissed with leave to further amend if plaintiff so desired. It was upon plaintiffs' failure to further amend their complaint that final judgment of dismissal was entered.
The question of law with which this court is confronted is whether a bailee having possession of and dominion and control over a motor vehicle may be liable in damages for the negligent operation of such vehicle by one to whom the bailee gives permission to operate it on the public roads and highways of this state.
The basic law of Florida respecting the liability of a person having possession of and dominion and control over a motor vehicle for its negligent operation upon the roads and highways of the state was first enunciated by our Supreme Court in the Southern Cotton Oil Co. case.[1] It was there held that an automobile is a dangerous instrumentality, and that a special liability is imposed upon the owner for the operation of such an instrumentality upon the public highways of this state.
The latest affirmation of the fundamental philosophy underlying the dangerous instrumentality doctrine is the decision of the Supreme Court in the Susco Car Rental System case.[2] It was there held that the logical rule, as gleaned from the prevailing rationale of the cases dealing with the dangerous instrumentality doctrine, is that when control of a motor vehicle is voluntarily relinquished to another, only the breach of custody amounting to a specie of conversion or theft will relieve an owner of the responsibility for its use or misuse. It was held that this rule arises from the absolute duty which is owing to the public by those who employ in their business a dangerous instrumentality whose negligent operation might result in great danger to others. We see no justifiable reason why the liability imposed upon an owner of a motor vehicle under the dangerous instrumentality doctrine is not equally applicable *415 to a bailee, whether the bailment be gratuitous, for hire, or for the mutual benefit of both parties. Nor can we agree that the bailee's liability is dependent upon a showing of bad faith or gross negligence on his part in allowing the vehicle to be operated with his permission by another party. Such prerequisite to liability may be the rule of law followed in other jurisdictions, but not in Florida under the doctrine prevailing here.
In the Wilson case[3] the lessee of a truck was held by the Supreme Court to be liable for the damages caused through the negligent operation of such truck on the highways of the state. Defendant trucking company was not the owner of the truck but had possession of and dominion and control over it under a lease agreement with one Wilson. The latter was not only the owner but was also the operator of the truck at the time of the collision in question. It was held that although the defendant trucking company was neither the owner nor the operator of the truck at the time of the collision, such facts were immaterial. Its liability arose by virtue of the fact that plaintiff's damages were caused through the negligent operation of the vehicle by one to whom the trucking company had entrusted it at a time when the company as lessee had possession and dominion over the vehicle.
In the Frankel case[4] a bailee of a motor vehicle was held liable for damages resulting from its negligent operation by a third party to whom the bailee had given permission to drive it on the public highways. The court stated:
"Having held a lessee liable in the cited case, Wilson v. Burke, supra, we find no difficulty in now holding the appellant, a bailee, responsible in the instant case for injury caused by the one to whom he entrusted the car, especially where, to all intents and purposes, as will be seen by referring to the opinion in Fleming v. Alter, supra [Fla., 69 So.2d 185], that person was the bailee's spouse."
It is noted that the rule adopted by the Supreme Court was made applicable to bailees without restriction, although the defendant in that case was a bailee for hire.
In the Mercury Cab Owners' Ass'n case[5], an Association whose membership was composed of several individually owned taxicab companies was sued for the negligent operation of a cab owned by one of the member companies. The cab whose negligent operation caused the damage was not owned by the Association, nor were other facts shown sufficient in law to estop the Association from denying liability for the negligent operation of the cab by its owner and driver. In reversing a judgment rendered against the Association the Supreme Court held that under all the circumstances, the evidence failed to show as a matter of law that the cab and its driver were sufficiently under the domination and control of the association so as to make the Association responsible for the negligence of the driver.
As is readily apparent from a careful analysis of the foregoing decisions, the question of liability of a bailee for the negligent operation of a motor vehicle in its possession and under its domination and control, even though by a person to whom possession had been entrusted by the bailee, is not dependent upon ownership nor the particular legal relationship which exists between the possessor and the owner. The rationale of each of the foregoing decisions adopts as a criteria for determining liability whether or not the person charged had possession of and dominion and control over the vehicle at the time its negligent operation caused the damages forming the subject matter of the suit. If so, liability *416 is imposed even though the negligent operation of the vehicle was by some third person to whom it was temporarily entrusted.
Tested by the rule of liability set forth in the above cited decisions it must be held that the amended complaint states a cause of action against defendant Lloyd Motor Company. The final judgment of dismissal is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed.
STURGIS, J., and DREW, E. HARRIS, Associate Judge, concur.
NOTES
[1] Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255.
[2] Susco Car Rental System of Florida v. Leonard, Fla. 1959, 112 So.2d 832; Fla. App. 1958, 103 So.2d 243.
[3] Wilson v. Burke, Fla. 1951, 53 So.2d 319.
[4] Frankel v. Fleming, Fla. 1954, 69 So.2d 887, 888.
[5] Mercury Cab Owners' Ass'n v. Jones, Fla. 1955, 79 So.2d 782.