VAN NORTWICK, Judge.
Sandra Dubus and her husband, Gary Du-bus, appeal a final summary judgment granted to appellee, Ernest V. McArthur. We agree that the summary judgment was appropriate, but for the reasons explained below, we hold that summary judgment should have been granted with leave to appellants to amend their complaint. Thus, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
Appellants filed a complaint against McAr-thur and others for damages arising out of a motor vehicle accident. Regarding McAr-thur, they alleged that he was negligent in entrusting his rented motor vehicle to Dennis Ray Pietz, who operated the vehicle in such a manner that it collided with Dubus’ vehicle. After discovery, McArthur moved for summary judgment on the grounds that no evidence supported liability on his part for negligent entrustment. Determining that the only theory of liability alleged by the appellants against McArthur was negligent en-trustment, which appellants admitted was not supported by the evidence, the trial court entered summary judgment.
Appellants argue that their complaint sufficiently alleges a cause of action based upon McArthur’s status as a bailee of the vehicle driven by Pietz, in that, as a bailee, McAr-thur was vicariously liable under the dangerous instrumentality doctrine for the negligent operation of the vehicle by Pietz. It is apparent that the task of the trial court here was made more difficult because the appellants’ amended complaint improperly attempts to state in a single count separate causes of action for vicarious liability and for negligent entrustment. Rule 1.110(f), Fla. R. Civ. P.; Sikes v. Seaboard Coast Line R. Co., 429 So.2d 1216 (Fla. 1st DCA), rev. denied, 440 So.2d 353 (Fla.1983). In addition, although the allegations include facts relating to a claim for vicarious liability on the part of a bailee (McArthur), the elements of that cause of action were not separately or sufficiently pled.
In entering summary judgment, the trial court did not address the vicarious liability claim. Although we affirm the summary judgment as it relates to the cause of action for negligent entrustment, it appears that appellants may be able to state a cause of action based upon McArthur’s vicarious liability as a bailee having possession of and dominion and control over a motor vehicle. Martin v. Lloyd Motor Co., 119 So.2d 413, 415-16 (Fla. 1st DCA 1960). Accordingly, we conclude that it was error for the trial court to enter summary judgment without granting leave to the appellants to amend their complaint to attempt to state such a cause of action. Hart Properties, Inc. v. Slack, 159 So.2d 236, 240 (Fla.1963); Allen v. Port Everglades Authority, 553 So.2d 1341, 1343 (Fla. 4th DCA 1989). Upon remand, appellants should be given an opportunity to amend their complaint to allege facts establishing both a bailment relationship and Mc-Arthur’s possession of and dominion and control over the vehicle. Martin, 119 So.2d at 415-16.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
BOOTH and PADOVANO, JJ., concur.