VAN NORTWICK, Judge.
Anderson Columbia Co., Inc., appeals a final summary judgment entered in its breach of contract action against the State of Florida Department of Transportation. We agree that summary judgment was appropriately entered on Anderson Columbia’s claim that it was entitled to recovery under the contract provision governing differing site *783 conditions. However, we hold that summary judgment should have been granted with leave to amend, giving Anderson Columbia an opportunity to state a claim for recovery under the contract provisions relating to unforeseeable work. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
I
The Department awarded Anderson Columbia a contract to widen a segment of Interstate Highway 75 located in Alachua County. Contemporaneously with preparing its bid, Anderson Columbia filed an application with Alachua County seeking a temporary use permit to locate an asphalt plant on County Road 236 approximately one and one-half miles from the project construction site on 1-75. After the Department’s award of the contract, the Alachua County Commission denied Anderson Columbia the use permit, in part because of the congestion and safety hazards which would result from the asphalt trucks traveling a narrow county road. Ultimately, Anderson Columbia was required to haul asphalt for the project from a plant in Columbia County, 15 miles from the project site, significantly increasing its cost to complete the project.
Anderson Columbia requested the Department to enter into a supplemental agreement giving Anderson Columbia an equitable adjustment in the contract compensation to cover the additional expense associated with hauling asphalt from Columbia County rather than from the proposed Alachua County site. When the Department declined, Anderson Columbia filed the instant action for breach of contract contending that the unexpected denial of its haul route constituted “conditions differing materially from those indicated in the contract” and “unforeseen work” under the contract which mandated that the Department enter into a supplemental agreement.
The Department filed a motion for summary judgment and supporting affidavits arguing, among other things, that as a matter of law Anderson Columbia’s inability to secure the temporary use permit for an asphalt plant does not constitute “differing site conditions” under the contract. At the hearing on the motion for summary judgment, Anderson Columbia conceded that the denial of the use of County Road 236 as a haul route did not constitute a differing site condition under the contract. Anderson Columbia argued, however, that the gravamen of its complaint was that, because of the denial of the permit to install an asphalt plant at close proximity to the project site, it was required to perform “unforeseen work” (that is, hauling asphalt from Columbia County), which under the contract entitled it to an equitable adjustment of the contract compensation. The trial court entered final summary judgment in favor of the Department.
II
The Department’s standard specifications for road and bridge construction, which were incorporated into the instant contract, include the following provisions:
SECTION 1
DEFINITIONS AND TERMS
[[Image here]]
1-51 Work.
All labor, materials and incidentals required for the construction of the improvement for which the contract is made, including superintendence, use of equipment and tools, and all services and responsibilities prescribed or implied, which are necessary for the complete performance by the Contractor of his obligations under the contract. Unless otherwise specified herein or in the Contract, all costs of liability and of performing the work shall be at the Contractor’s expense, (emphasis supplied)
[[Image here]]
SECTION 2
PROPOSAL REQUIREMENTS AND CONDITIONS
* * *
2-4 Examination of Plans, Specifications, Special Provisions and Site of Work.
The bidder is expected to examine carefully the site of the proposed work, and the *784 proposal, plans, specifications and contract forms for the work contemplated, before submitting a proposal. Such shall also include investigation as to the condition to be encountered, as to the character, quality and quantities of work to be performed and materials to be furnished and as to the requirements of all contract documents.
[[Image here]]
The bidder’s submission of a proposal shall be considered prima facie evidence that he has made examination as described in this Article.
SECTION 4
SCOPE OF THE WORK
4r-l Intent of Contract.
The intent is to provide for the construction and completion in every detail of the work described in the contract. The Contractor shall furnish all labor, materials, equipment, tools, transportation and supplies, required to complete the work in accordance with the plans, specifications and terms of the contract.
[[Image here]]
4-3 Alteration of Plans or of Character of Work.
[[Image here]]
h-3.2.3 Conditions Requiring Supplemental Agreement: Supplemental agreement shall be used to clarify the plans and specifications of the contract; to document quantity overruns that exceed five percent of the original contract amount; to provide for unforeseen work, grade changes, or alterations in plans which could not reasonably have been contemplated or foreseen in the original plans and specifications; ... (emphasis supplied)
[[Image here]]
4-3.4 Differing Site Conditions: During the progress of the work, if subsurface or latent physical conditions are encountered at the site differing materially from those indicated in the contract or if unknown physical conditions of an unusual nature, differing materially from those ordinarily encountered and generally recognized as inherent in the work provided for in the contract; are encountered at- the site, the party discovering such conditions shall promptly notify the other party in writing of the specific differing conditions before they are disturbed and before the affected work is performed ... if [the Engineer] determines that the conditions materially differ and cause an increase or decrease in the cost or time required for the performance of any work under the contract, an adjustment, ... will be made ...
* * *
4-4 Unforeseeable Work.
When work is required which is not covered by a price in the contract and such work does not constitute a “Significant Change” as defined in 4-3.2.1, and such work is found essential to the satisfactory completion of the contract within its intended scope, an adjustment will be made to the Contract. The basis of payment for such adjustment will be in the amount as the Engineer may determine to be fair and equitable.
[[Image here]]
SECTION 7
LEGAL REQUIREMENTS AND RESPONSIBILITY TO THE PUBLIC
[[Image here]]
7-2 Permits and Licenses.
7-2.1 General: Except as provided herein below for certain permits, the Contractor shall procure all permits and licenses, and he shall pay all charges and fees and give all notices necessary and incidental to the due and lawful prosecution of the work, (emphasis supplied).
Ill
The task of the trial court below was made more difficult by shortcomings in the pleadings. First, Anderson Columbia’s complaint for breach of contract improperly attempted to state in a single count alternative causes *785 of action for breaches of two distinct and separate provisions of the contract. See Dubus v. McArthur, 682 So.2d 1246, 1247 (Fla. 1st DCA 1996). Second, the Department filed a motion for summary judgment directed to Anderson Columbia’s claim seeking recovery under section 4-3.4 of the specifications, the differing site conditions provision. The Department’s motion did not address Anderson Columbia’s claim seeking to recover under section 4.4 of the specifications, the unforeseen work provision. As a result, the Department’s motion did not give Anderson Columbia notice that the Department was challenging Anderson Columbia’s right to recover under the alternative theory of “unforeseen work.” See City of Cooper City v. Sunshine Wireless Co., Inc., 654 So.2d 288 (Fla. 4th DCA 1995).
On appeal, the Department argues forcefully that under the instant facts the explicit language of the specifications precludes Anderson Columbia’s recovery for unforeseen work. The Department contends (i) that hauling materials to the job site is part of Anderson’s responsibility to furnish all materials and transportation required to complete the “work,” as defined in section 1-51; (ii) that all risks of obtaining necessary permits are assumed by the contractor under sections 2-4 and 7-2.1; and (iii) that as a matter of law a longer haul of materials to the job site is not “unforeseen work” under the clear language of section 4r-4. In response, Anderson Columbia argues that, notwithstanding the express language in the Department’s specifications, the standard practices and course of dealing of the Department raise issues of disputed fact concerning whether “unforeseen work” under sections 4r-3.2.3 and 4-4 of the specifications should be interpreted to include the additional asphalt hauling. Specifically, Anderson Columbia asserts that, to reduce the cost of the bid process, in practice the Department discourages contractors from incurring the costs of obtaining the necessary permits pri- or to the Department’s contract award and provides for unforeseen permitting-related costs by supplemental agreement. Further, Anderson Columbia alleges that the Departs ment has regularly entered into supplemental agreements with other contractors when the contractor incurred unexpected increases in the cost of hauling construction material to project sites similar to the present case.
We agree with the Department that, as a general proposition, the additional costs incurred by a contractor as a result of the denial of a permit does not constitute “unforeseen work” under the instant contract. We decline to address the specific arguments of the parties on this issue, however, because they are not properly before us. In its motion for summary judgment below the Department did not challenge the claim under the unforeseen work provision. As a result, Anderson Columbia was not given sufficient opportunity to present evidence in support of its claim based upon the practices and course of dealing of the Department, rule 1.510(c), Florida Rules of Civil Procedure; City of Cooper City, 654 So.2d at 284, and the trial court could not properly have considered summary judgment with respect to the unforeseen work claim.
We also note that Anderson Columbia’s complaint is silent with respect to factual allegations that would support its claim for unforeseen work based upon the Department’s practices and course of dealing. Without addressing the merits of such a claim, we conclude that Anderson Columbia should be allowed an opportunity to attempt to establish a cause of action based upon the standard practices and course of dealing of the Department. Thus, under these unique circumstances, it was error for the trial court to grant summary judgment of the entire action without granting leave to Anderson Columbia to amend its complaint to attempt to state such a cause of action. Dubus, 682 So.2d at 1247.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
BOOTH and WOLF, JJ., concur.