PER CURIAM.
Marsha Pabon appeals a Final Judgment awarding InterAmerican substantial damages in an indemnity action; Pabon also appeals the trial court’s order denying her Motion for Summary Judgment. We affirm.
Pabon rented a minivan from InterAmeri-can Car Rental, Inc. (“InterAmerican”) on behalf of her brother, Richard Phillips (“Phillips”). The rental agreement Pabon signed required her to indemnify InterAmerican for all claims and also made her liability and personal injury protection insurance primary for all losses pursuant to section 627.7263, Florida Statutes (1996 Supp.).
Phillips was authorized to drive the minivan and used it to transport his tennis team to an out-of-town tournament. Phillips let an unauthorized driver, Xavier Lamont Moore (“Moore”), drive the minivan in violation of the rental agreement. Moore fell asleep at the wheel. Jamaul McCloud was a passenger in the minivan; he was killed when the minivan left the road and rolled over.
The Estate of Jamaul McCloud filed a wrongful death action against InterAmerican. InterAmerican acknowledged its liability as car owner and filed third-party actions for indemnification, contribution, and breach of contract against Pabon, Phillips, and Moore. In April, 1995, Jamaul McCloud’s estate was awarded $1,600,000; InterAmerican paid this sum. The jury found Moore, the unauthorized driver, 20% at fault and Phillips, the authorized driver who let Moore drive the van, 80% at fault.
InterAmerican sought indemnification from Third-Party Defendant Phillips and won. In May 1995, the trial court entered a final judgment against Phillips which awarded InterAmerican $1,605,000. InterAmeri-can then sued Pabon for indemnification of *1150 the $1,600,000 judgment it paid to the Estate of Jamaul McCloud. InterAmeriean filed a Motion for Partial Summary Final Judgment of Indemnity against Pabon in May, 1996. The trial court entered final judgment for InterAmeriean in February, 1997.
In Florida, the owner of an automobile is liable for another’s negligent misuse of the vehicle under the dangerous instrumentality doctrine. See Michalek v. Shumate, 524 So.2d 426, 427 (Fla.1988); Susco Car Rental System of Fla. v. Leonard, 112 So.2d 832, 836 (Fla.1959). This doctrine imposes liability based “upon the doctrine of respon-deat superior arising from a principal and agent relationship implied in law.” May v. Palm Beach Chemical Co., 77 So.2d 468, 472 (Fla.1955).
“To the same extent as the owner, a bailee (or sub-bailee) of a motor vehicle is liable to third persons under the dangerous instrumentality doctrine for the negligence of one to whom he has entrusted it.” State Farm Automobile Ins. Co. v. Clauson, 511 So.2d 1085, 1086 (Fla. 3d DCA 1987); see also Eberhardy v. General Motors Corp., 404 F.Supp. 826, 829 (M.D.Fla.1975)(“Under Florida law, an automobile is a dangerous instrumentality when operated and all those persons in control of the’ car will be responsible for injuries resulting from the negligent use of it.”) (citations omitted). Pabon was InterAmerican’s bailee ás she paid' for the rental car and signed the rental agreement which required her to indemnify InterAmeri-can for all claims and also made her liability and personal injury protection insurance primary for all losses.
“We see no justifiable reason why the liability imposed upon an owner of a motor vehicle under the dangerous instrumentality doctrine is not equally applicable to a bailee, whether the bailment be gratuitous, for hire, or for the mutual benefit of both parties.” Martin v. Lloyd Motor Co., 119 So.2d 413, 414-15 (Fla. 1st DCA 1960); see Sunshine Dodge, Inc. v. Ketchem, 445 So.2d 395, 397 (Fla. 5th DCA 1984). Pabon’s liability as bailee is not dependent upon a showing of bad faith or gross negligence on her part in allowing the vehicle to be used by Phillips. See Martin, 119 So.2d at 415; Ketchem, 445 So.2d at 397.
Pabon entrusted Phillips with the car and through his negligent entrustment of the ear to Moore caused the death of Jamaul McCloud. Pabon, as bailee of InterAmeri-can, is responsible for the injuries caused by the negligence of Phillips because he was the one to whom she entrusted the car. See Frankel v. Fleming, 69 So.2d 887 (Fla.1954); Wilson v. Burke, 53 So.2d 319 (Fla.1951); see also Re-Mark Chem. Co. v. Ross, 101 So.2d 163 (Fla. 3d DCA 1958); Rouse v. Greyhound Rent-A-Car, Inc., 506 F.2d 410, 413 (5th Cir.1975).
Affirmed.