MATHEWS, Justice.
A petition for certiorari seeks to' review an order denying motion to dismiss a bill of complaint which sought to reform a conditional sales contract which was to be used in evidence in a personal injury case.
In the personal injury case on the law side of the Court Palmer brought suit against Hughes and Evans for damages sustained by reason of injuries when Palmer was struck by an automobile driven by Hughes which was alleged to have been owned by Evans.
The pleadings in the common-law suit were attached to and made a part of the bill of complaint in the chancery suit. The complaint in the law suit was filed on August 25, 1952, and the complaint in the chancery suit was filed October 1, 1953, after the pleadings had been settled in the common-law suit and after the defendant Evans had unsuccessfully sought a summary judgment in the common-law suit. The plaintiff alleged in the common-law suit that Evans was the owner of the automobile at the time of the accident. The defendant Evans filed his defenses in the common-law suit in which he denied that he was the owner of the automobile at the time of the accident and further alleged that prior to the accident he had sold and delivered the automobile to Hughes, and that Hughes was driving the same at the time of the collision.
In the chancery suit Evans claimed that he was not the owner of the automobile and that a conditional sales contract, which bore date of the 19th day of August, 1952', should have been dated August 18, 1952, and that it was a mutual mistake between Evans and Hughes that the conditional sales contract was not correctly dated. Evans prayed, first, that the conditional sales contract be reformed to show the correct date of the execution thereof, and second, that the Court enter a decree that Evans did not have title, ownership or possession of the automobile at the time of the collision and further declare that Evans had no liability to Palmer or anyone else for loss or injury that may have been sustained as a'result of said collision.
The question of ownership was directly in issue in the common-law suit and under the defenses interposed there was no reason why such question could not be submitted to and'determined by the jury. The date of the conditional sales contract is not necessarily conclusive on the question of the time .of the change of ownership of an automobile. There are many cases where all of the facts and circumstances with reference to the sale and the delivery of an automobile may be pertinent in determining the time of the change of ownership.
It appears that the questions raised in the chancery suit were raised in the common-law suit and that the common-law action afforded Evans a complete and adequate remedy to interpose his defenses. One of the grounds of the motion to dismiss the bill of complaint was that it affirmatively appeared that the plaintiff had an adequate remedy at law. The motion to' dismiss the bill of complaint should have been granted.
The petition for certiorari be and the same is hereby granted, and the order *344 complained of be and the same is hereby quashed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.