102 So.2d 385 (1958)
Anna Euela METZEL, Appellant,
v.
Willie Mae ROBINSON and Louis B. Robinson, Appellees.
Supreme Court of Florida.
April 30, 1958.
Carey & Papy and Wesley G. Carey, Miami, for appellant.
Nichols, Gaither, Green, Frates & Beckham and Sam Daniels, Miami, for appellees.
HOBSON, Justice.
This is an appeal by defendant from final judgment of the circuit court entered consequent upon a verdict for the plaintiffs.
Plaintiffs below, husband and wife, recovered judgment for injuries to the wife sustained in an automobile accident. The automobile which caused the injuries was driven by one Bryant, who was alone in the car when the accident occurred. Record title to the car was in the name of appellant, Anna Metzel, who is Bryant's aunt.
Appellant contends that she was not the actual owner of the car, and since she had nothing to do with the accident the judgment should be reversed.
Out of the presence of the jury, appellant tendered evidence that Bryant, at the age of 18, lived with appellant and her husband in Washington, D.C., where he was employed. Bryant wanted to buy an automobile but the seller objected to a person of his tender years signing the finance papers. Appellant thereupon agreed to sign the finance papers for him, did so, and took title to the automobile in her name. Bryant kept up the payments, and appellant had nothing further to do with the car. While visiting his mother in Miami, Bryant, driving the car in question was involved in the accident. It further appeared, however, that appellant had insured the car in her name to comply with the Automobile Assigned Risk Plan of the State of Virginia, and had stated in the insurance application that her nephew would be a driver of the car. Although the matter of transferring title to the car from appellant to her nephew had been discussed, no action toward this end had been taken.
The trial judge ruled that appellant was the owner of the automobile as a matter of law and she was not permitted to prove that the true ownership was in Bryant.
*386 Appellant relies mainly upon Palmer v. R.S. Evans, Jacksonville, Inc., Fla., 81 So.2d 635 and 69 So.2d 342; Ragg v. Hurd, Fla., 60 So.2d 673, and related cases. These cases concern situations where a sale of the automobile has been consummated or is in progress. A more recent case in accord is McAfee v. Killingsworth, Fla., 98 So.2d 738, opinion filed November 22, 1957. In the case before us, however, admittedly no action was taken to divest appellant of her title to the car. She was still in a position to exert some dominion and control over the vehicle. Certainly both appellant and her nephew had a species of ownership and either or both of them could have been held liable for the accident.
The Fleming cases are helpful in the premises. In those cases plaintiff had been injured by a car driven by Wellener, which was loaned to her by Frankel, who had, in turn, rented the car from a U-Drive-It. All three parties were held liable to the plaintiff, Wellener as driver (Wellener v. Fleming, Fla., 69 So.2d 895), Frankel as bailee (Frankel v. Fleming, Fla., 69 So.2d 887), and the U-Drive-It as bailor and legal owner (Fleming v. Alter, Fla., 69 So.2d 185). We think no error was committed in holding that, as a matter of law, appellant in the instant case had ownership in a sufficient degree to justify the court in declining to submit the matter to the jury.
It is next urged by appellant that the verdict ($6,000 for the wife and $1,000 for the husband) was excessive. The argument on this point is based upon the contention that there was no real showing of permanency of the plaintiff wife's injuries. The record reveals testimony by one doctor that the injuries would be permanent and testimony of another doctor that they would not. With conflicting medical opinions, the matter was one within the exclusive province of the triers of fact. Roberts v. Wofford Beach Hotel, Fla., 67 So.2d 670. We find no reason to disturb the verdict upon this point.
Finally, appellant contends that the amounts allowed as costs for medical witnesses were excessive. This is nothing more than a bare contention, and we find that it is not borne out by the record.
Affirmed.
TERRELL, C.J., and THOMAS, ROBERTS and DREW, JJ., concur.