SWANN, Judge.
This is an appeal from a final judgment entered pursuant to a jury verdict in favor of the plaintiff in a suit on a personal ac *349 cident and sickness insurance policy.' The defendant, Home Insurance Company, has appealed from the final judgment and the plaintiff has cross assigned as error the order of the trial court, striking a demand for attorney fees. The parties will be referred to as they stood in the trial court.
The defendant issued a policy commonly known as a "trip” policy, effective April 19, 1963, for a term of thirteen days, to the plaintiff’s husband, Robert Denning, Jr., in the City of New York, naming plaintiff, Theresa R. Denning, as beneficiary.
The husband and wife went on a honeymoon cruise on the ship “Santa Rosa”. On the morning of April 24, 1963, while aboard the ship in a Caribbean port, the husband either tripped or became ill, and received injuries from the resulting fall.
He was examined by the ship’s doctor, and when his condition became worse, was confined to bed aboard the ship. His condition continued to deteriorate and when the ship docked at Port Everglades, Florida he was transferred to Broward Memorial Hospital, where he was examined and attended by various doctors in the area until the time of his decease on May 15, 1963.
A demand for payment under the policy was refused and plaintiff filed suit. The defendant contends that the evidence shows that the injury did not result directly and independently of all other causes and denies liability under the terms of the policy, which provided:
* * * * * *
“ * * * ‘Injury’ wherever used in this policy means bodily injury caused by an accident occurring while this policy is in force and resulting directly and independently of all other causes in loss covered by this policy. * * ” (Emphasis added.)
♦ * * * * *
There was testimony from one doctor that the motivating cause of death which set the other causes in motion was the head injury sustained as a result of a fall on the ship. There was conflicting evidence from the other doctors at the trial as to the cause of death. The matter of conflicting medical opinions was one within the exclusive province of the trier of fact. Metzel v. Robinson, Fla.1958, 102 So.2d 385; Roberts v. Wofford Beach Hotel, Fla.1958, 67 So.2d 670. The jury heard the conflicting evidence as to the cause of death and returned a verdict in favor of the plaintiff, thereby determining that the injury was the sole and independent cause of the loss covered by the policy. We do not find error in this portion of the final decree.
The next question is whether the plaintiff is entitled to attorney’s fees in the instant cause. There were no provisions for attorney’s fees in the contract of insurance. If the plaintiff is entitled to attorney’s fees it must be under Florida law, as there is no provision for the allowance of attorney’s fees under New York laws in the instant case.
Defendant contends that attorney’s fees should be denied on the authority of Holderness v. Hamilton Fire Ins. Co. of New York, S.D.Fla.1944, 54 F.Supp. 145. There, the plaintiffs were residents of North Carolina and brought suit in a state court in Florida upon a fire insurance policy, issued by a New York corporation, covering a building located in North Carolina that was damaged by fire. The contract was neither executed, delivered or to be performed in Florida. The suit was removed to the Federal Court, and sought,, among other things, an award of attorney’s fees under Section 625.08, Florida Statutes, F.S.A., a predecessor to the very similar statute under consideration in the case at bar. The court held that attorney’s fees, were not recoverable under the statute-judge Strum for the court said:
******
“In addition to principal and interest, the complaint seeks a recovery of at *350 torney’s fees 'provided by law.’ If this allegation refers to the lex loci contractus, such a fee is recoverable. Life & Casualty Co. v. McCray, 291 U.S. 566, 54 S.Ct. 482, 78 L.Ed. 987. However, Sec. 625.08, Stat. of Fla.1941, F.S.A., authorizing recovery of attorney’s fees in actions on insurance policies, will not avail plaintiffs as a basis for such recovery in this case, as the policy sued on is not a Florida contract. That statute becomes a part of every contract of insurance entered into in Florida, and is enforceable as to such contracts. But the Florida Legislature has no power to impose such liability, extraterritorially, upon parties to contracts entered into in another state and to be performed there. The validity and obligation of a contract is determined by the lex loci contractus. Aetna Life Ins. Co. v. Dunken, 266 U.S. 389, 45 S.Ct. 129, 69 L.Ed. 342; Ayers v. Continental Ins. Co., Mo. App., 217 S.W. 550. Cf. Home Ins. Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926, 74 A.L.R. 701; Hartford Acc. & Indemnity Co. v. Delta & Pine Land Co., 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178, 92 A.L.R. 932.”
* * * * * *
Plaintiff claims attorney fees should be ■awarded on the basis of Feller v. Equitable Life Assur. Soc., Fla.1952, 57 So.2d 581, in which the Supreme Court of Florida in granting attorney’s fees said:
* * * * * *
“The one dominant question to be decided in this case is: where an insurance contract is made in another state in which there is no law allowing attorney’s fees, but the insured moved to Florida and became a resident of Florida, paid premiums while such resident of Florida, and the insurance company complied with the laws of Florida with reference to foreign corporations and insurance companies, may the insured obtain a judgment for attorney’s fees under Section 625.08, F.S.A.?”
******
The facts in the Feller case, supra, differ materially from those before us, in that here no premiums were paid in Florida; the deceased was a resident of the State of New York at all times; and the contract herein is a term insurance policy, for a period of thirteen days, rather than a life insurance policy. The only similarity involved is that both insurance companies were foreign corporations which had complied with the laws of Florida with reference to foreign corporations.
We hold that a resident of New York, who purchases a policy of term insurance from a New York company in that state; pays all the premiums there for a contract which does not contemplate any activities by insurer or insured in Florida; and where the injury giving rise to the loss did not happen in this state, is not entitled to attorney’s fees as a result of instituting the law suit in this forum. To hold otherwise would encourage parties having no connection with Florida to file suit on insurance policies in this State in order to recover attorney fees to which they would not be entitled in their own state.
The decision is therefore
Affirmed.