**CELANESE COATINGS COMPANY, a Delaware corporation, Plaintiff,**

v.

**AMERICAN MOTORISTS INSURANCE COMPANY, an Illinois corporation, et al., Defendants.**

**No. 67–675–Civ–CA.**

United States District Court
S. D. Florida,
Miami Division.
Feb. 20, 1969.

Woodrow M. Melvin, George W. Wright, Jr., and Karl B. Block, Jr., of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., for plaintiff.

Paul Carlson of Dixon, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for defendant American Motorists Ins. Co.

Melvin T. Boyd of Blackwell, Walker & Gray, Miami, Fla., for defendant Aetna Cas. & Sur. Co.

Cecyl L. Pickle of Knight, Underwood, Peters, Hoeveler & Pickle, Miami, Fla., for defendant Commercial Union Ins. Co. of N. Y.

Carey A. Randall of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, Fla., for defendant Lloyds of London.

## ORDER

ATKINS, District Judge.

This cause came on to be heard before the court pursuant to defendants' motion for partial summary judgment on the question of attorney fees. The court has heard argument, carefully considered the memoranda and being otherwise fully advised in the premises reaches the following conclusions.

The defendants in this case are four insurance companies. The plaintiff, Celanese Coatings Company, is suing its insurers to recover amounts it has paid to settle certain product liability claims. The uncontested facts reflect that the policies sued upon were issued through a New York broker and delivered to plaintiff in New York and at its principal place of business in Louisville, Kentucky. The suit is brought in Florida because most of the incidents giving rise to plaintiff's liability allegedly occurred in Palatka, Florida.

The issue before the court is whether plaintiff will be entitled to an

allowance for attorney fees on recovery of a judgment against its insurers. As this suit is brought in a Federal court sitting in Florida, § 627.0127 of the Florida Statute, F.S.A. applies. American Fidelity & Casualty Co. v. Greyhound Corp., 258 F.2d 709 (5th Cir. 1958). This statute provides that if an insured obtains a judgment against his insurer in a Florida court the judge shall award reasonable attorney fees incurred by the insured. The purpose of the statute is to discourage the contesting of insurance policies in Florida. Old Republic Insurance Co. v. Monsees, 188 So.2d 893 (Fla.App.1966). The cases dealing with the statute are consistent with this definition of purpose. Generally, the law has been held to apply to insurance contracts made anywhere and sued on in this state. Fidelity-Phenix Fire Ins. Co. of New York v. Cortez Cigar Co., 92 F.2d 882 (5th Cir., 1938) cert. denied 303 U.S. 636, 58 S.Ct. 521 82 L.Ed. 1096. The propriety of using Florida as a forum assumes that the incident under which the insured invokes coverage occurred in this state. This contemplates a situation similar to the instant case.

■ Counsel for defendants urge the application of Florida Statute 627.-01001(2) enacted in 1959, F.S.A. This law recites that the provisions of part II of chapter 627 of the Florida Statutes (which includes § 627.0127) shall *not* apply to policies or contracts of insurance not issued for delivery or delivered in Florida. On its face this law is in conflict with the heretofore broad application of § 627.0127. Unfortunately, there is no recorded legislative history of this particular section from which to divine legislative intent. There have been two case decisions in which the statute would have been directly applicable but neither made mention of it. Thus to determine the effect of the law the court can look only to the words themselves illuminated by the general principles of statutory construction. An additional guide is the knowledge that § 627.0127 is to be strictly construed as it is in the

nature of a penalty. American Nat. Ins. Co. v. deCardenas, 181 So.2d 359 (Fla. App.1966). By implication then § 627.-01001(2) should also be strictly construed as it affects the application of § 627.0127.

A strict construction of the word "delivery" in this statute is actual physical delivery. The statute specifically contemplates a type of constructive delivery by using the words "issued for delivery". In this case it is clear that the policies sued upon were not physically delivered in Florida. The determinative question then becomes whether the policies can be said to have been "issued for delivery" in Florida.

■ This language contemplates a policy issued in another state which was intended for delivery in Florida. Such delivery may not be accomplished for various reasons. A typical situation is the retention of a policy by an agent for an insured. The essential fact remains, however, that delivery of such policy in Florida must be intended.

■ The facts in this case reflect that the policies were issued in New York for delivery to the insured in New York or Kentucky. In no case was it intended that a policy be delivered in Florida. It is unquestioned that the policies recited coverage on insured's properties and activities in Florida just as coverage was recited in several other states. But section 627.01001(2) does not rely on coverage as a qualification. Delivery or intended delivery is the key which opens the door to the recovery of attorneys' fees under Section 627.0127. Such delivery or intended delivery is simply not present in this case. It is the conclusion of this Court that Florida Statute 627.-0127 is not applicable and that attorney fees will not be recoverable by plaintiff in the event it should recover judgment on the insurance policies issued by defendants.

As a final note this court is aware of the implications of the conclusion reached above. The decision is in direct conflict with a recent decision of the Chief

Judge of this Court, Kellogg Co. v. Aetna Casualty & Surety Co., 282 F.Supp. 955 (D.C.1968), and indirectly conflicts with the most recent Florida appellate court decision of Home Insurance Co. v. Denning, 177 So.2d 348 (Fla.App.1965). However, in neither of these cases is it evident that the restrictive Statute 627.-01001(2) was asserted as applicable. Indeed, as mentioned previously in this opinion, there have been no recorded cases dealing with the statute since its enactment in 1959. It has fallen to this Court to lift the veil of obscurity. In the absence of Section 627.01001(2) there is no doubt that attorney fees would be allowable in the instant case (dependent upon plaintiff's recovery, of course). Certainly the facts reflect ample Florida contacts in accordance with the recent Supreme Court decision in Clay v. Sun Insurance Office, Ltd., 377 U.S. 179, 84 S.Ct. 1197, 12 L.Ed.2d 229 (1964).

Again there is no doubt that coverage in Florida was contemplated. But the final conclusion is determined by the legislature, the expression of the will of the people, and is inescapable. The motion for partial summary judgment on the question of attorney fees is granted.