BOYER, Chief Judge.
From summary judgment entered in favor of appellees (defendants), appellants *176 have appealed, claiming that there are material issues of fact which should have precluded the entry of summary judgment.
Most of the material facts concerning the incident out of which this lawsuit arose are undisputed. On July 1,1973, appellant Linda Ann Hogan while a passenger in an automobile driven by appellee Gayla Keen was involved in an accident and was injured.
The pleadings, however, reveal a significant and apparently determinative issue of fact. The complaint alleges that the automobile being driven by appellee Keen was owned by appellee Sarah Kathrin Wentz. Appellees’ answer denied that appellee Wentz owned the automobile at the time of the accident. In her affidavit, appellee Wentz stated that on October 1, 1972, she had sold her car to her brother Billy who agreed to make payments on her car note. When all of the payments had been made, she agreed to turn the certificate of title over to her brother. While the payments were being paid, she kept the title certificate as security. According to appellate Wentz, from the time of delivery in October of 1972 until the accident in July of 1973, Billy had full possession and control of the automobile.
Appellant asserts that Billy’s deposition raises a material issue as to the ownership of the automobile. Billy, when asked if he had purchased an automobile from his sister, replied, “Not in the sense of just outright buying it from her, no, sir. She allowed me to use an automobile that was owned by her.” Billy acknowledged that the agreement that he reached with his sister guaranteed him ownership of the automobile if he made all of the remaining payments due under the note. It is undisputed that there was no written contract concerning the ownership of the Plymouth. Regarding insurance, although Billy paid the premiums, the policy remained in the name of appellee Wentz, and the insurance company paid her for the value of the car after the accident.
In our view, there is a conflict in the record concerning the issue of ownership of the automobile at the time of the accident which requires reversal. In a similar case, the court discussed the issue of whether a summary judgment was properly entered:
“The prime question presented for decision is whether £he evidence which was before the court when he granted summary judgment reveals without dispute that a bona fide sale of the vehicle in question was made by defendant to Lei-lich at any time prior to the accident. Whether a sale was actually consummated is a question of law to be determined from the facts in evidence. The mere assertion by defendant that he sold the vehicle to Leilich, and Leilich’s assertion that he purchased the vehicle, are mere conclusions of law and of no probative effect.
* * * * * *
“Whether in the case we now review the defendant and Leilich both entertained an intent to transfer beneficial ownership of the vehicle to Leilich prior to the date of the accident must be determined from their overt acts which occurred at the time of agreement to purchase and sell and at all material times thereafter. The mere fact that the evidence concerning the intent of the parties is uncontrovert-ed does not necessarily mean that there is no genuine issue as to this material fact, if the uncontradicted evidence is lawfully susceptible to two or more conflicting inferences. A court which draws its own inference from among the lawful inferences, and enters a summary judgment based thereon, deprives the parties of their right to a trial by a jury contrary to the purpose and intent of the rule governing summary judgments.” Register v. Redding, 126 So.2d 289, 291 (Fla. 1st DCA 1961).
Similarly, in the case sub judice, there is a disputed issue of fact as to whether the sale of the automobile occurred prior to the accident in question. That issue should be resolved by a jury after hearing all of the evidence. Accordingly, the judgment appealed is reversed and the cause remanded *177 for further proceedings consistent with the views expressed herein.
REVERSED.
MILLS, J., and DURDEN, J. ROBERT, Associate Judge, concur.