WENTWORTH, Judge.
Daniel Hines, plaintiff in a suit arising from an automobile accident, appeals the trial court’s order granting summary judgment in favor of two of the defendants, *702 David Keen and his insurer, Stonewall Insurance Company. The trial court determined as matter of law that ownership of the vehicle was transferred from Keen to co-defendant Huey Porrier before the accident. We reverse.
Hines was injured as a result of a hit and run accident in which he was struck by a vehicle registered to David Keen. Hines filed suit against Keen and his insurer, Stonewall Insurance Company, and against Huey Porrier who, Hines alleged, was the hit and run driver. In answer to the allegation that Stonewall Insurance Company was the insurer of the vehicle owned by Keen on October 13, the date of the accident, Keen stated that the “insurance company coverage is admitted ...” and in his cross-claim, directed against Stonewall Insurance, Keen alleged he had insurance coverage with Stonewall at the time of the accident. In answer to interrogatories, the insurance company stated Keen had advised it that the vehicle had been stolen and involved in the accident while in possession of the thief. But in his answers to interrogatories, Keen stated Porrier purchased the vehicle about a month before the accident by paying $50.00 down, owing a balance of $150.00; title was transferred, Keen stated, by executing the proper forms on the back of the certificate of title. However, at deposition Keen said he had sold the car to Steve Carroll; with Porrier’s help and transferred the title after receiving the $150.00 balance in December, 1978. In June, 1979, the Department of Highway Safety and Motor Vehicles indicated title was still in the name of David Keen. Porrier, at deposition, said he thought he had bought the car from Keen “around November” of 1978. Porrier stated that he was supposed to pay Keen the $150.00 balance, that he gave partial payments, and that before he paid the full amount he “sold” the car to a third party whom he identified as Carroll Strawberry and Keen signed the title directly over to Strawberry. Later in the deposition Porrier said he had started paying on the car before the October 13 accident. During the fall of 1978 Keen and Porrier lived together.
The question of whether and when a sale is actually consummated is of course a question of law to be determined from the evidentiary facts, and that issue may be proper for summary judgment by the court without a jury unless the facts or inferences are materially disputed. Hogan v. Keen, 349 So.2d 175 (Fla. 1st DCA 1977); Register v. Redding, 126 So.2d 289 (Fla. 1st DCA 1961). Also the retention of legal title to secure payment does not preclude a determination that beneficial ownership was transferred. McCall v. Garland, 371 So.2d 1080 (Fla. 4th DCA 1979). We conclude, however, that the trial court erred in relying on the latter principle to support summary judgment in this case. The pleadings and facts in evidence appear to us to be contradictory and susceptible of conflicting conclusions as to whether the actions by Keen and his alleged purchasers accomplished a transfer of ownership before the accident occurred.
The judgment is accordingly reversed and the cause remanded for further proceedings.
JOANOS, J, and WOODIE A. LILES (Ret.), Associate Judge, concur.