696 So.2d 937 (1997)
Lottie Mae MARSHALL and Anthony Marshall, her husband, Appellants,
v.
Thomas J. GAWEL, Katie Ann Gawel, and Kathleen Gawel, Appellees.
No. 96-04019.
District Court of Appeal of Florida, Second District.
July 9, 1997.
*938 Geoffrey B. Steiner of Geoffrey B. Steiner, P.A., Tampa, for Appellants.
Joseph F. Kinman, Jr. of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for Appellee Kathleen Gawel.
THREADGILL, Acting Chief Judge.
The Marshalls, plaintiffs in a negligence action arising out of a motor vehicle accident, appeal a summary final judgment entered in favor of Defendant Kathleen Gawel. Because genuine issues of material fact remain, we reverse.
The amended complaint named Thomas J. Gawel, his daughter Katie Ann Gawel, and Kathleen Gawel as defendants. It alleged that Kathleen Gawel was the registered owner and Katie Ann Gawel had the beneficial use, custody, and control of the motor vehicle operated by Thomas Gawel. It also alleged Mr. Gawel operated the vehicle in a negligent manner, which caused the vehicle to collide with a vehicle driven by Mrs. Marshall. The Marshalls sought relief on the theory that Kathleen Gawel and Katie Ann Gawel were vicariously liable for Mr. Gawel's actions under the dangerous instrumentality doctrine. Kathleen Gawel filed a motion for summary judgment alleging that she had no control, possession, or use of the vehicle in question, and that Mr. Gawel's taking of the vehicle without permission constituted a species of theft or conversion relieving her of liability. The trial court entered summary final judgment in favor of Kathleen Gawel, and the Marshalls appeal.
Under the dangerous instrumentality doctrine, "one who authorizes and permits an instrumentality that is peculiarly dangerous in its operation to be used by another on the public highway, is liable in damages for injuries to third persons caused by the negligent operation of such instrumentality on the highway by one so authorized by the owner." Kraemer v. General Motors Acceptance Corp., 572 So.2d 1363, 1364 (Fla.1990)(quoting Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 468, 86 So. 629, 638 (Fla.1920)). Thus, we must determine whether any genuine issues of material fact remain with regard to Kathleen Gawel's ownership of the vehicle in question or consent to Thomas Gawel's use of it. See Holl v. Talcott, 191 So.2d 40 (Fla.1966).
In support of the motion for summary judgment, Kathleen Gawel submitted her own affidavit and that of Katie Ann Gawel. Kathleen attested that she had no beneficial interest in the vehicle, and that her name was on the title because she signed as co-guarantor so Katie could obtain financing. She averred that she did not pay for the vehicle, its insurance, or maintenance, and that she never drove the vehicle or had keys to it. She stated that she never had authority or control over the vehicle and never gave Thomas Gawel permission to drive it. Katie Ann Gawel attested that she was the sole, beneficial owner of the vehicle, and that Kathleen had no control over it. Katie stated that she paid for the vehicle, its insurance, and maintenance, and that she kept the vehicle at her residence. She stated that only she had keys to the vehicle, and she never gave the keys to Thomas Gawel and never gave him permission to use the vehicle. She averred that she did not live with Thomas Gawel, and she had no reason to believe he would take the vehicle because his license had been suspended and he had never before driven the vehicle. She stated that Kathleen's name was on the title of the vehicle as *939 co-owner solely to enable Katie to obtain financing.
We believe there is a conflict in the evidence concerning the ownership of the vehicle. We are guided to this conclusion by the Florida Supreme Court's decision in Metzel v. Robinson, 102 So.2d 385 (Fla.1958). Metzel, like the instant case, involved an action for injuries arising out of an automobile accident. Prior to the accident, the defendant had signed finance papers and had taken title to a vehicle involved in the accident in order to help her eighteen-year-old nephew, who lived with her, purchase it. The defendant insured the vehicle in her name to comply with state law. The nephew made all payments on the car, and the defendant had nothing further to do with it. No action was taken, however, to divest the defendant of her title to the vehicle. The supreme court held that the facts established the defendant's ownership in the vehicle as a matter of law. 102 So.2d at 386.
Similarly, in this case, although Kathleen became a registered owner of the vehicle to assist Katie in obtaining financing, there is no indication she had taken any steps to divest herself of title to the vehicle. From her answers to interrogatories filed with the trial court, it appears she had insurance on the vehicle. It also appears that, on the date of the accident, she resided at the same address as Katie. These facts could indicate that Kathleen had the ability to exert some dominion and control over the vehicle. See Metzel, 102 So.2d at 386. The assertions in the affidavits that Kathleen had no authority or control over the vehicle do not change our analysis. The parties' intent regarding who would have beneficial ownership must be determined from their overt acts. Hogan v. Keen, 349 So.2d 175 (Fla. 1st DCA 1977). "The mere fact that the evidence concerning the intent of the parties is uncontroverted does not necessarily mean that there is no genuine issue as to this material fact, if the uncontradicted evidence is lawfully susceptible of two or more conflicting inferences." Id. at 176 (quoting Register v. Redding, 126 So.2d 289, 291 (Fla. 1st DCA 1961)). Thus, the record reflects a genuine issue of material fact as to Kathleen's ownership.
We also believe a genuine issue of material fact remains as to consent. In a case of vicarious liability, an owner's express or implied consent for another to drive the vehicle must be shown. Allen v. Shows, 532 So.2d 1304 (Fla. 2d DCA 1988). Here, the affidavits rebut any claim of express consent. There remains, however, an issue as to whether Thomas Gawel had Kathleen Gawel's implied consent to use the vehicle. The essential consent at issue is simply consent to the use or operation of a dangerous instrumentality beyond the owner's immediate control. Susco Car Rental System of Fla. v. Leonard, 112 So.2d 832 (Fla.1959). When such control is voluntarily relinquished to another, only a breach of custody amounting to a species of conversion or theft will relieve the owner of responsibility. 112 So.2d at 836.
In Thomas v. Atlantic Associates, Inc., 226 So.2d 100 (Fla.1969), the supreme court held that a genuine issue of fact existed as to whether a thirteen-year-old was guilty of a species of conversion or theft in taking keys and driving a car owned by her father's employer. In Thomas, the father's employer had consented to the use of the vehicle beyond its immediate control. Similarly, in this case, Kathleen Gawel asserted in her affidavit that she had maintained no control over the vehicle and that Katie Gawel was free to use the vehicle "any way she wanted." With regard to theft or conversion, the record reflects that Kathleen and Katie did not give Thomas permission to take the car, that his license had been suspended, and that he had never driven the vehicle before. In light of the family relationship involved here, however, this evidence is insufficient to establish that Thomas Gawel's taking of the vehicle constituted a species of conversion or theft as a matter of law. See Thomas, 226 So.2d at 103. Thus, a genuine issue of material fact also exists as to the issue of consent. We therefore reverse and remand for further proceedings.
Reversed.
PATTERSON and FULMER, JJ., concur.