743 So.2d 621 (1999)
Efrain MEDINA, individually and as Personal Representative of the Estate of Milian Medina, deceased, and on behalf of Juan Medina, a surviving minor child, Appellant,
v.
YODER AUTO SALES, INC., a Florida corporation, Yoder Auto Sales, Paul R. Yoder, individually, Merrill Yoder, individually, and Meliton Almazan, Appellees.
No. 98-01958.
District Court of Appeal of Florida, Second District.
October 22, 1999.
John Beranek of Ausley & McMullen, Tallahassee, and Andy M. Custer, Lake Worth, and Erick L. Ansel of Lekach, Lkinter & Ansel, P.A., Hollywood, for Appellant.
W. Scott Hamilton and Thomas P. Whitaker, Jr. of Whitaker & Hamilton, P.A., Bradenton, for Appellees Paul R. Yoder and Yoder Auto Sales, Inc.
Lewis F. Collins, Jr. and Anthony J. Russo of Butler, Burnette & Pappas, Tampa, for Appellee Merrill Yoder.
No appearance for Appellee Meliton Almazan.
NORTHCUTT, Judge.
Efrain Medina challenges the summary judgment rendered in favor of the defendants in his action for the wrongful death of his wife. He claims issues of fact precluded entry of summary judgment for the defendants. We agree. Because we reverse the judgment and remand for further proceedings, we also address Medina's contention that the circuit court *622 should have permitted him to redepose Paul and Merrill Yoder.
On September 1, 1996, Medina's wife, Milian, was killed when the car in which she was riding was rear-ended by a 1992 Pontiac driven by Meliton Almazan. Almazan left the scene and has not been located. The Pontiac had a cardboard temporary tag. The tag had been issued to Yoder Auto Sales, Inc., a used car dealership operated by Paul Yoder. But in its preprinted space for "Issuing Dealer/Agency" was written simply "Yoder Auto Sales," the name of another used car lot owned by Paul Yoder's father, Merrill Yoder.
Medina sued both Yoders and their respective businesses, alleging that each of the individuals and each of the businesses owned the car Almazan was driving and that he was operating the car with the express permission, knowledge and consent of each defendant. Thus, he claimed, some or all of these defendants were liable for damages under the dangerous instrumentality doctrine.
The individual Yoders and the two businesses moved for summary judgment. Merrill and his company asserted they did not own the vehicle and that it had been sold to Francisco and Sara Ramirez in November 1994. Merrill also stated that he did not know Almazan and had not given Almazan permission to use a car. Paul stated that the Pontiac had been sold by Merrill and that Paul and his company did not possess legal title to the car before September 1, 1996. He further stated that neither he nor his company had ever maintained possession, control or dominion over the car.
Medina filed affidavits in opposition to the motions for summary judgment. Francisco Ramirez's affidavits stated that he worked part time for both Merrill and Paul. He recited that Merrill repurchased the 1992 Pontiac from him in April 1996, and that he had seen the car on both the Yoders' car lots on many occasions between May and September 1, 1996. According to Ramirez, both Merrill and Paul allowed people to drive the cars on their lots, including the Pontiac. Paul would affix temporary tags to the vehicles driven off the lots, even though they had not been sold. Moreover, Ramirez averred that he had seen an Hispanic male who fit the description of Almazan driving the Pontiac. Another affiant stated that in April 1996, he had driven the Pontiac to Texas on business for Paul.
Under the dangerous instrumentality doctrine, one who permits an automobile to be used by someone else on the public highways is liable for injuries to third parties caused by the authorized user's negligence. See Kraemer v. General Motors Acceptance Corp., 572 So.2d 1363 (Fla.1990). In order to meet their burden on summary judgment, the Yoders and their business entities were required to conclusively show that there were no genuine issues of material fact with regard to their ownership of the Pontiac, or their consent to Almazan's use of it. See Marshall v. Gawel, 696 So.2d 937 (Fla. 2d DCA 1997). The defendants simply did not meet this burden. The affidavits Medina filed raised material questions of fact concerning both issues. "If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." Snyder v. Cheezem Development Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979). We reverse the summary judgment and remand for further proceedings.
Medina also contends that the circuit court erred in refusing to allow him to redepose the Yoders. When Merrill was deposed in March 1997, he stated he had sold the Pontiac to Ramirez in November 1994 and had never seen it again. In Paul's deposition, he testified the Pontiac had never been on his car lot and that he had nothing to do with Ramirez, other than selling him cars. Ramirez's affidavits, obtained after the depositions, contradicted the testimony of both Yoders.
*623 Nothing in the Florida Rules of Civil Procedure forbids a second discovery deposition. Florida Rule of Civil Procedure 1.280(c) allows a court, for good cause shown, to protect a party from discovery that would cause "annoyance, embarrassment, oppression, or undue burden or expense...." The party moving for the protective order has the burden to show good cause. See Sabol v. Bennett, 672 So.2d 93 (Fla. 3d DCA 1996). Here, the circuit court did not address whether the Yoders showed good cause, but instead found that Medina failed to make a sufficient showing to warrant a second deposition. The court apparently put the burden on Medina, rather than on the Yoders. This was error.
Moreover, Ramirez's affidavits cast doubt on the accuracy of the Yoders' representations during their first depositions. Under the facts of this case, Medina is entitled to ask the Yoders about this subsequently discovered evidence. On remand, we instruct the circuit court to permit Medina to redepose both Yoders.
Reversed and remanded.
ALTENBERND, A.C.J., and DAVIS, J., Concur.