COPE, J.
The Florida Department of Environmental Protection appeals a cost judgment against it. We reverse that part of the judgment which awards prejudgment interest.
I.
Robert and Maxine Dieterle obtained a tort judgment against the Department in May, 2000. Plaintiffs-appellees then moved for a cost award.
The trial court entered an interlocutory order awarding costs to the plaintiffs on September 15, 2000. The Department moved for reconsideration. After further proceedings, the court entered a cost judgment on November 27, 2000. The order specified that the cost award would bear interest running from September 15, 2000, which was the date of the first hearing on the motion for costs. The Department has appealed.
*1245 II.
While Florida has waived sovereign immunity, the State has not waived immunity for prejudgment interest. “The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before judgment.” § 768.28(5), Fla. Stat. (2000) (emphasis added). “Unlike private tort-feasors, government tortfeasors are not liable for punitive damages or prejudgment interest.” Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002, 1004 (Fla.1986).
In this ease the cost judgment was entered November 27, 2000, but it provided that interest would run on costs from September 15, 2000. This amounted to an impermissible award of prejudgment interest.
The plaintiffs argue that the only relevant judgment is the underlying May, 2000 judgment on their tort claim. The plaintiffs say that one effect of the May judgment was to determine that they were entitled to costs as prevailing parties. The plaintiffs urge that including interest in a later cost award is not truly “prejudgment” so long as the interest is for a period after the underlying tort judgment. We disagree.
The established legislative policy is that prejudgment interest will not be awarded. It was impermissible to enter a cost judgment which included interest running from an earlier date. That part of the cost judgment must be deleted.
Accordingly, the cost judgment is reversed and the cause remanded for entry of an amended judgment. Consistent with the terms of the statute, the amended judgment may be entered nunc pro tunc to the date of the original cost judgment, which was November 27, 2000.
Reversed and remanded for further proceedings consistent herewith: