815 So.2d 779 (2002)
DEPARTMENT OF REVENUE, Appellant,
v.
Katherine D. NICKS and William C. Nicks, Appellees.
No. 2D01-2813.
District Court of Appeal of Florida, Second District.
May 10, 2002.
Robert A. Butterworth, Attorney General, and Louis F. Hubener, Assistant Attorney General, Tallahassee, for Appellant.
R. Michael Robinson, St. Petersburg, for Appellee Katherine D. Nicks.
No appearance for Appellee William C. Nicks.
COVINGTON, Judge.
The Department of Revenue (DOR) is appealing the trial court's order granting summary judgment in favor of Katherine Nicks and awarding her prejudgment interest. Ms. Nicks filed a motion for summary judgment based on an unanswered request for admissions previously sent to the DOR. However, neither the request for admissions nor the motion for summary judgment establishes Ms. Nicks' legal entitlement to any surplus funds collected by the DOR. Therefore, we reverse and remand for further proceedings.
The Nicks' marriage was dissolved in 1992. The DOR represented Ms. Nicks with regard to the enforcement of Mr. Nicks' child support obligation. In July 1997, Ms. Nicks filed a pro se motion to dismiss the DOR. The trial court's order provided that the DOR would remain a party for the repayment of monies owed to the State and reserved jurisdiction over that amount.
On November 2, 1999, Ms. Nicks filed a motion for summary judgment based on her request for admissions. Ms. Nicks' motion for summary judgment alleged that the DOR had collected $17,605.48 from William Nicks and Harold G. Southards.[1] She also alleged that she had received $10,843 in Aid to Families with Dependent Children (AFDC). Ms. Nicks claimed that *780 she was owed $6,762.48, which is the difference between the monies collected from Mr. Nicks and Mr. Southards and the amount of AFDC she received.
Significantly, Ms. Nicks' motion for summary judgment did not state why she was legally entitled to the $6,726.48. Additionally, there is a question as to whether the trial court had jurisdiction to consider the funds collected from Mr. Southards, as his case is separate from Mr. Nicks' case.
The DOR submitted an affidavit in opposition to the motion for summary judgment, asserting that:
(1) There were outstanding public assistance arrears for support paid by the State for the two Nicks children in the amount of $5,693.77.
(2) No money was due Ms. Nicks from the State, nor was the State holding any money for her use and benefit that was not distributed to her.
(3) The State had not received any monies in excess of the public assistance monies expended for the benefit of the Nicks children.
The trial court indicated that this affidavit would not be allowed to refute that which the DOR had admitted when it failed to respond to the request for admissions.
In order to prevail in a motion for summary judgment, Ms. Nicks was required to: (1) demonstrate that there was no genuine issue of material fact and (2) establish that she was entitled to a judgment as a matter of law. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
The DOR has correctly noted that neither the motion for summary judgment nor the subsequently filed claim for reimbursement indicate why Ms. Nicks is legally entitled to $6,762.48. It is unclear from the record who is entitled to any surplus funds that the DOR may have collected. Because Ms. Nicks did not establish her legal entitlement to the $6,762.48, her motion for summary judgment should have been denied.
Additionally, the DOR's affidavit asserts that there are outstanding arrears owed to the State. Significantly, the trial court previously had found that the State was owed a reimbursement and reserved jurisdiction to determine the amount. Thus, there are factual issues in this case that should be resolved by the trial court. Volusia County, 760 So.2d at 130; Medina v. Yoder Auto Sales, Inc., 743 So.2d 621, 622 (Fla. 2d DCA 1999). If there are no outstanding arrears owed to the State, a determination must be made regarding who is legally entitled to any surplus funds that may have been collected.
An additional issue presented in this case is the trial court's award of prejudgment interest. The State's sovereign immunity precludes an award of prejudgment interest in the absence of a statutory waiver. State, Dep't of Envtl. Prot. v. Dieterle, 786 So.2d 1244, 1245 (Fla. 3d DCA 2001). The Florida Supreme Court has noted that "the government is not liable for interest in the absence of an express statutory provision or stipulation by the government that interest will be paid. The general immunity from interest is an attribute of sovereignty, implied by law for the benefit of the state." State v. Family Bank of Hallandale, 623 So.2d 474, 479 (Fla.1993) (citations omitted). Since we find that the trial court erred in granting summary judgment in Ms. Nicks' favor, we need not address this issue further.
Thus, because there are factual issues in dispute and because neither the request for admissions nor Ms. Nicks' motion for summary judgment establish her legal entitlement *781 to any surplus funds, summary judgment was improper.
We therefore reverse and remand this case for further proceedings.
FULMER, J., and THREADGILL, EDWARD F., Senior Judge, concur.
NOTES
[1] Mr. Southards is Ms. Nicks' ex-husband and an obligor in a separate case.