**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2085**

GEORGE RISHELL, on his own behalf and on behalf of those similarly situated,

Plaintiff - Appellee,

and

VICTORIA RHODES; QUINTON GARDNER; SELINA RIGGS; DONELL ELLIS; KWAN JOHNSON,

Plaintiffs,

v.

COMPUTER SCIENCES CORPORATION, a Foreign Profit Corporation,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:13-cv-00931-CMH-TCB; 1:14-cv-00213-CMH-TCB)

Submitted: June 15, 2017                    Decided: June 28, 2017

Before DUNCAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas J. Woodford, THE KULLMAN FIRM PLC, Mobile, Alabama; Samuel Zurik, III, THE KULLMAN FIRM PLC, New Orleans, Louisiana, for Appellant. Angeli Murthy, MORGAN & MORGAN, Plantation, Florida, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Computer Sciences Corporation (CSC) appeals the district court's order granting George Rishell's motion for attorney's fees under Fla. Stat. § 448.08 (2016). CSC argues that the district court incorrectly concluded that the Florida statute applied in this case. Assuming the applicability of Fla. Stat. § 448.08 here, CSC nevertheless contends that the amount of the award is unreasonable because the district court failed to exclude from the award time spent by Rishell's counsel unsuccessfully pursuing class certification. We affirm.

"In general, the decision whether and in what amount to award attorney fees is one committed to the award court's discretion, subject only to review for abuse of that discretion." *Brown & Pipkins, LLC v. Serv. Emp. Int'l Union*, 846 F.3d 716, 729 (4th Cir. 2017) (alterations and internal quotation marks omitted). "Under this standard, reversal is appropriate only if the district court was clearly wrong or has committed an error of law." *Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y.*, 822 F.3d 739, 754 (4th Cir. 2016) (alterations and internal quotation marks omitted). "That said, legal determinations justifying an award . . . are reviewed de novo." *Id.*

First, we reject CSC's contention that Virginia or Kuwait law—not Florida law—applies in this case. We apply Florida choice-of-law principles in this diversity action.[*]

---

[*] When sitting in diversity, federal courts apply state substantive law and federal procedural law. *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014). We have recognized that state laws concerning the award of attorney's fees are
(Continued)

3

*See Myelle v. Am. Cyanamid Co.*, 57 F.3d 411, 413 (4th Cir. 1995) (explaining that, after transfer under 28 U.S.C. § 1404(a) (2012), transferee court must apply choice-of-law rules that transferor court would have applied). Florida appellate courts have held that "the availability of attorney's fees should be determined under the state law which also governs the underlying claim." *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001); *see also Prime Ins. Syndicate, Inc. v. B.J. Handley Trucking, Inc.*, 363 F.3d 1089, 1091-93 (11th Cir. 2004); *Home Ins. Co. v. Denning*, 177 So. 2d 348, 349-50 (Fla. Dist. Ct. App. 1965). In this case, we previously applied Florida law to Rishell's underlying contract interpretation claim. *Rishell v. Computer Sciences Corp.*, 647 F. App'x 226, 228-29 (4th Cir. 2016) (No. 14-2366). Accordingly, under Florida's choice-of-law rules, we are bound to also apply Florida law to Rishell's claim for attorney's fees.

CSC argues that even if Florida law governs, Fla. Stat. § 448.08 does not apply to this case. However, CSC's interpretation of the statute is contrary to Florida law because it would permit one state's law to apply to an underlying claim and another state's law to apply to a request for attorney's fees. Moreover, nothing in the statute's language limits its application in the manner that CSC claims, and CSC has failed to cite any persuasive authority to support its position. In addition, we find unconvincing CSC's claim that application of the statute here is extraterritorial—the underlying contract was executed in

generally substantive laws. *See, e.g.*, *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 631 (4th Cir. 1999); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 52 (1991) (recognizing that state statute awarding attorney's fees for particular "classes of litigation" created substantive right).

Florida and Rishell's substantive claim concerned interpretation of the contract under Florida law. Thus, applying Fla. Stat. § 448.08 in this case does not require the statute to operate beyond its territorial jurisdiction. *See Burns v. Rozen*, 201 So. 2d 629, 630 (Fla. Dist. Ct. App. 1967). Similarly meritless is CSC's related claim that application of the statute to this case violates its due process rights. In light of Florida's contacts with the parties and the subject matter of this litigation, we conclude that Florida has an interest in the application of its law to this case and that applying the statute is "neither arbitrary nor fundamentally unfair" to CSC. *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 313 (1981).

Next, CSC avers that the district court failed to reduce the amount awarded to account for the entirety of the time spent by Rishell's counsel in an unsuccessful pursuit of class certification. In the district court, CSC specifically disputed awarding fees for (1) time spent preparing the class certification motions and (2) time spent reviewing discovery for "class issues" or to identify potential class members. To the extent that CSC's opening brief faults the district court for failing to subtract other categories of hours from the award, CSC has waived those arguments. *See Pornomo v. United States*, 814 F.3d 681, 686 (4th Cir. 2016). Moreover, Rishell asserts—and CSC does not dispute—that the time spent preparing the class certification motions was deducted from his request. Consequently, the single category at issue on appeal is the time spent by Rishell's counsel reviewing discovery for "class issues" or to identify potential class members.

However, CSC fails to specifically identify any entry in the 47 pages of Rishell's counsel's time sheets that it believes the district court wrongly included in the award. *See*

5

*Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988); *22nd Century Props., LLC v. FPH Props., LLC*, 160 So. 3d 135, 143 (Fla. Dist. Ct. App. 2015). While CSC argues that the time sheets submitted by Rishell are so devoid of detail that it could not possibly object to any particular entry, we find the time sheets are specific enough that CSC could have at least made an attempt—but CSC declined to do so. Furthermore, CSC does not dispute Rishell's assertion that the discovery related to class certification was also relevant to Rishell's successful individual claim. Therefore, although Rishell's pursuit of class certification was unsuccessful, the district court was not required to reduce the award for time spent reviewing the discovery at issue. *See Brodziak v. Runyon*, 145 F.3d 194, 197 (4th Cir. 1998); *Warshall v. Price*, 629 So. 2d 905, 907 (Fla. Dist. Ct. App. 1993). Ultimately, CSC has failed to convince us that the amount of the award is clearly wrong.

For these reasons, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*